

U.S. Department of Justice

*United States Attorney*
*Eastern District of Missouri*

*Violent Crime Unit*

| | | |
|---|---|---|
| *Katharine A. Dolin*<br>*Special Assistant United States Attorney* | *Thomas F. Eagleton U.S. Courthouse*<br>*111 South 10th Street, Rm. 20.333*<br>*St. Louis, Missouri 63102* | *Direct:  (314) 539-6802*<br>*Office:  (314) 539-2200*<br>*Fax:  (314) 539-3887* |

December 3, 2019

VIA ELECTRONIC SERVICE
Tara Rebecca Crane
Assistant Federal Public Defender
Attorney for Defendant Earl Watkins

    In re:    United States v. Earl Watkins
                  Cause No. 4:19-cr-00697-SRC-SPM

Dear Counsel:

      As you are aware, your client was indicted by the Federal Grand Jury on August 22, 2019, for events which occurred on or about July 23, 2019, in St. Louis City, within the Eastern District of Missouri.  In order to assist you in the determination of any relevant pretrial motions to be filed in this case, please be aware of the following information:

      1.    DISCOVERY - The Government agrees to provide you with all relevant material within the purview of Federal Rule of Criminal Procedure 16. The discovery has been provided to you via USA File Exchange.  If you are unable to open or read the content, please contact me immediately.

      2.    ELECTRONIC SURVEILLANCE - The Government did not utilize electronic surveillance in the investigation underlying the charges set forth in the indictment.

      3.    CONFIDENTIAL INFORMANTS - The Government utilized a confidential informant in the course of the investigation of this matter. The confidential informant was a tipster-type informant, and therefore disclosure of the confidential informant's identity is not required.  See *United States v. Roberson*, 439 F.3d 934, 940 (8th Cir. 2006); *United States v. Crenshaw*, 359 F.3d 977, 1005 (8th Cir. 2004).

      4.    JENCKS MATERIAL - The Government agrees to make all Jencks material available no later than the Friday preceding trial, conditioned upon the defendant's agreement to produce simultaneously statements of the defendant's witnesses.

      5.    GRAND JURY TRANSCRIPTS - The Government agrees to produce, and make available for inspection, all Grand Jury transcripts to the extent they constitute Jencks material.

      6.    OTHER CRIMES EVIDENCE - The Government agrees to advise the defendant of its intention to use evidence of other crimes during its case-in-chief.  The Government agrees to make this disclosure prior to the trial of this cause.

      7.      STATEMENTS OF DEFENDANT - The Government is aware of statements made by the Defendant.  Documents containing the substance of those statements have been uploaded to the USA File Exchange for your viewing.

      8.      IDENTIFICATION OF DEFENDANT - The Government is not aware of post-arrest identifications of the Defendant.

      9.      PHYSICAL EVIDENCE - The Government possesses items of physical evidence seized in relation to the crimes charged in the indictment.  These items are available for inspection upon request.

      10.      FAVORABLE EVIDENCE - The Government agrees to furnish any and all favorable evidence to the Defendant if and when its existence becomes known to the Government.  At the present time, the Government does not have any favorable evidence.

For your convenience, the following documents and recordings related to this matter have been uploaded to the USA File Exchange for your viewing or otherwise provided to you:

- St. Louis Metropolitan Police Incident Report  CN 19-035259 (12 pages)
- Rejis Recovered gun report-pistol (1 page)
- Rejis Recovered gun report-shotgun (1 page)
- St. Louis Metropolitan Police Warning and Waiver (1 page)
- Search warrant application dated 7/18/19 (1 page)
- Search warrant affidavit dated 7/18/19  (3 pages)
- Search warrant dated 7/18/19 (1 page)
- Search warrant return and inventory dated 7/29/19 (1 page)
- St. Louis Metropolitan Police Firearms Laboratory Report LAB-19-005110 (4 pages)
- St. Louis Metropolitan Police Fingerprints Laboratory Report LAB-19-005110 (3 pages)
- St. Louis Metropolitan Police Fingerprints Laboratory Case Notes LAB-19-005110 (2 pages)
- St. Louis Metropolitan Police Fingerprints Laboratory Technical/Administrative Review Checklist LAB-19-005110 (1 page)
- St. Louis Metropolitan Police Drug Identification Laboratory Report LAB-19-005110 (3 pages)
- IBIS TRAX pistol  (1 page)
- IBIS TRAX shotgun  (2 pages)
- Email between St. Louis Metropolitan Police Department Officer Samuel Rachas and the undersigned (1 page)
- Rejis Meta-Person Composite Information (2 pages)
- Rejis NCIC, NLETS, MULES (21 pages)
- Jail calls (98 calls plus metadata)
- Audiovisual Interview of Earl Watkins
- Nine (9) photos of seized evidence
- Thirty-four (34) photos of search warrant plus thumbnails

Should you have any problems viewing the uploaded files, please contact me immediately.  If you need any further specific information regarding the above matters, or any other matters, that will prevent the filing and litigation of any unnecessary pretrial motions, please do not hesitate to call me.

In order to avoid the need for filing motions pursuant to Federal Rules of Criminal Procedure 12.1(a), 16 and 26.2, the Government requests that:

  A. The defendant provide the United States a written notice of the defendant's intention to offer a defense of alibi, stating the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi;

  B. The defendant provide the United States, or permit the United States to inspect and copy or photograph, books, papers, documents, photographs, tangible objects, or copies thereof, which are within the possession, custody or control of the defendant and which the defendant intends to introduce as evidence in chief at trial;

  C. The defendant provide the United States, or permit the United States to inspect and copy or photograph, any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence in chief at the trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to his testimony;

  D. The defendant provide the United States a written summary of testimony the defendant intends to use under Rules 702, 703 and 705 of the Federal Rules of Evidence as evidence at trial.  This summary must describe the opinions of the witnesses, the bases and reasons therefor and the witnesses' qualifications;

  E. The defendant provide to the United States all statements of any defense witness that are in the defendant's possession and that relate to the subject matter to which the witness will testify.

  The Government requests that it receive the information regarding alibi requested in Section A no later than the date of the pretrial motion hearing.  The Government also requests that the defendant provide all information specified in Section E no later than noon on the Friday preceding trial to eliminate any delay in the trial of this cause.

  I would appreciate a written response prior to any pretrial motion hearing to determine whether I will have to file formal requests for a court order to enforce discovery compliance. I thank you in advance for your anticipated cooperation.

        Very truly yours,

        JEFFREY B. JENSEN
        United States Attorney

        */s/* Katharine A. Dolin
        BY: KATHARINE A. DOLIN
        Special Assistant United States Attorney

Encls.

cc: Clerk, United States District Court (w/o encls.)